IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEMIR D. SIRAZI, an Illinois resident, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2345 |
| | ) | |
| v. | ) | Judge Andersen |
| | ) | |
| PANDA EXPRESS, INC, a California corporation, et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The parties have filed a miscellany of discovery motions in which each side accuses the other of varying degrees of faithlessness to their promises and to the obligations that all lawyers have to cooperate fairly in discovery. *See Romaine v. City of Chicago,* 2006 WL 3827316, *4 (N.D.Ill. 2006). The rulings on those motions are reflected in the Minute Order filed contemporaneously with this opinion. But one of the motions deserves some further explanation.

The Defendant's Motion to Compel all Privileged Documents and for Sanctions seeks all communications between the plaintiff and his counsel in two suits brought by Mr. Sirazi against Tony Rezko, who is not a party to this case, although he is charged as a co-conspirator in the complicated scheme to defraud alleged in the complaint. The Motion also seeks production of all communications between the plaintiff and his counsel in connection with a loan transaction in 2006 involving Rezko. Sachnoff & Weaver Ltd. represented the plaintiff in the first suit (*In the Matter of the Arbitration Between Semir D. Sirazi and Rezko Enterprises, LLC, et al.*), and Reed Smith was his counsel in the state court case of *Sirazi v. Rezko Enterprises, LLC, et al.,* No. 06CH21724. Daspin Aument, LLP, his counsel in the instant case, represented him in the controversy involving

the 2006 loan transaction. The theory advanced by Panda Express for this request for what appears to be privileged communications is that the plaintiff's current lawyers did not file a privilege log and therefore any claim of privilege is waived.

The plaintiff has argued that the parties agreed that these communications did not have to be included in a privilege log. The defendant denies the agreement and brands it as an afterthought in response to the defendant's refusal to accept the plaintiff's alleged contention that no documents were being withheld on a claim of privilege. That position was purportedly articulated in a letter of August 14, 2009, in which, according to the Motion, "Sirazi's counsel expressly stated that 'we are not withholding any documents on the basis of privilege.'" (Motion at 3-4).[1] But the Motion "strategic[ly] omi[tted]," *Swanson v. Bank of America, N.A.*, 563 F.3d 634, 636 (7th Cir. 2009), a substantial portion of the actual letter. Here is what it actually said: "Also, we are not withholding any *responsive* documents on the basis of privilege *as Mr. Sirazi used Mr. Rezko's lawyers with regards to the investments at issue*." (Motion, Ex. F)(Emphasized portions omitted in the Motion). " This kind of selective excision, at a minimum, tends to make the quoted portions "quite misleading." *Walters v. National Association of Radiation Survivors*, 473 U.S. 305, 322 (1985). *Cf. Correa v. Hospital San Francisco*, 69 F.3d 1184, 1192, 1197 (1st Cir. 1995)(the court called "highly questionable" the practice of "[c]iting authority out of context and neglecting to insert ellipses to signal textual omissions...."). *Accord Pinkham v. Sara Lee Corp*, 983 F.2d 824, 833 (8th Cir. 1992); *Cox v. CFTC*, 138 F.3d 268, 275 (7th Cir. 1998).[2]

---

[1] The motion characterizes the letter as a "written waiver." *Id.*

[2] Properly read, the August 14th letter was intended to convey that "with regards to the investments at issue," there was no withholding of "responsive" documents on the basis of privilege since Mr. Sirazi's
(continued...)

2

In any event, according to the Motion, it was not until the defendant pressed the plaintiff on the issue of the existence of communications with the lawyers in the other cases that the plaintiff claimed that the parties had agreed that they need not log communications or documents "related to retained outside litigation counsel and any actual litigation." (Motion at 4). That there was no such agreement, the Motion contends, is proven by the absence of any letter or email from the plaintiff confirming such an arrangement. The logic of the argument is unconvincing. If "[a] man cannot make evidence for himself by writing a letter containing the statements that he wishes to prove," *Leach & Co. v. Peirson*, 275 U.S. 120, 128 (1927) (Holmes, J.), the failure to have written the letter in the first place ought not be conclusive on the question of whether the evidence exists. More importantly, a lawyer involved in a case may fairly suppose he is "dealing with... honorable [adversaries]... [and thus]...he might well consider he was secure in relying on his promise. . . ." *Dickerman v. Burgess*, 20 Ill. 266 (1858), 1858 WL 6069 at *8.

Even if I were able to conclude who has the better of the argument – and I cannot do that on the present record – I need not do so. Before reaching the question of waiver, there is the more fundamental and overarching question of relevance, for only relevant evidence is discoverable. *See* rule 26(b)(1). Under Rule 401 of the Federal Rules of Evidence, the requirement for evidence to be deemed relevant is "minimal." *United States v. Murzyn*, 631 F.2d 525, 529 (7th Cir. 1980). The question is not whether there is great probative weight, but whether there is any. *United States v. Marks*, 816 F.2d 1207, 1211 (7th Cir. 1987); *United States v. Pollard*, 790 F.2d 1309, 1312 (7th Cir.

---

[2](...continued)
and Mr. Rezko's use of the same lawyer precluded a claim of privilege. *See* 8 J. Wigmore, Evidence § 2312 at 603-09 (McNaughton rev. 1961); *Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.*, 743 F.2d 932, 936-937 (D.C.Cir. 1984).

3

1986). As expansive as the concept of relevance is under the Federal Rules of Evidence, it is even broader under Rule 26 of the Federal Rules of Civil Procedure. *Jackson v. Parker*, 2008 WL 4844747, *1 (N.D.Ill. 2008). All that need be shown is that the evidence appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1 ).

But even this minimal standard cannot be satisfied by the *ipse dixit* in the Motion that the requested documents "are relevant to the facts and claims within the present lawsuit." (Motion ¶9 at 4). Just as unsupported factual assertions in briefs do not count, *see United States ex rel. Feingold v. AdminiStar Federal, Inc.*, 324 F.3d 492, 494 (7th Cir. 2003); *IFC Credit Corp v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 610-611 (7th Cir. 2006), neither do unsupported legal conclusions. *Cf. Roger Whitmore's Automotive Svcs, Inc. v. Lake County*, 424 F.3d 659, 674 (7th Cir. 2005); *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002). *Compare Ashcroft v. Iqbal*, _U.S._, 129 S.Ct. 1937, 1949 (2009).

The Motion to Compel makes no attempt to support its ultimate legal conclusion that the requested materials are relevant. Indeed, it makes no attempt to demonstrate that the other three matters involving Rezko relate to the facts involved in the present litigation (and thus might involve communications relevant to the instant case). Paragraph 9, on which the defendant relied at the hearing on the Motion to show the necessary linkage, only says that:

> "Sirazi has been involved in more than one controversy with Tony Rezko. Panda is aware of at least two proceedings brought by Sirazi against Rezko. As of the present date, Sirazi has failed to produce file materials created during these prior proceedings, including, for example, communications between Sirazi and his counsel and Sirazi's counsel's work product. Sirazi was previously represented by Sachnoff & Weaver, Ltd. in an arbitration proceeding captioned *In the Matter of the Arbitration Between Semir D. Sirazi and Rezko Enterprises, LLC, et al.* and was represented by Reed Smith LLP in a state court action captioned *Sirazi v. Rezko Enterprises, LLC, et al.*, No. 06CH21724. In addition, Sirazi was represented by

> Daspin Aument in and around 2006 in a prior controversy against Rezko involving various loan agreements. These file materials and documents would necessarily fall within Panda's document requests and are relevant to the facts and claims within the present lawsuit. *See* Exh. A, Nos. 7, 19, 20, 22, 25, 26. [³] Sirazi should not be permitted to rely upon the rulings of these earlier lawsuits to support his alleged ownership interest in Rezko entities without producing all file materials within his possession, custody and control pertaining to these earlier proceedings.

Beyond ¶9's unadorned conclusion of relevance, there is nothing in that paragraph or in any other portion of the Motion to Compel from which it could be determined that the statements made by Mr. Sirazi to his lawyers in the three other matters are relevant to this case. And the burden of showing relevance is Panda Express's,[4] *Lamon v. Director, California Dept. of Corrections*, 2009 WL 1911699 (E.D.Cal. 2009), not the court's. *Fabriko Acquisition Corporation v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008)("It is not the job of this court to develop arguments for [parties].").

The fact that ¶9 alleges that the plaintiff may be relying on "the rulings of these earlier lawsuits to support his alleged ownership interest in Rezko entities" is analytically irrelevant to the question of the discoverability of communications with his lawyers in those three other cases. It is the rulings, not the communications with plaintiff's lawyers that count, and the basic principles of *res judicata* and the *Rooker-Feldman* doctrine will not allow the former to be evaded by resort to the latter.[5]

---

[3] But that would not make the documents relevant. It would only mean that they were included in the request.

[4] In fact, one paragraph of Panda Express's document request excludes the very materials being sought. Under the caption "**Document Requests**," paragraph 1 instructs Mr. Sirazi to produce "[a]ny and all statements, oral, written or court reported, signed or unsigned, given by a party to some person or entity *other than its attorney*." (Emphasis supplied).

[5] This is not to say that those rulings are relevant. That question is not before me. It may also be noted that the Motion to Compel does not explain what those "rulings" were or how they might be relevant here.

But, say the defendant's lawyers, perhaps Mr. Sirazi made statements to one or more of his three prior law firms in the three separate matters involving Rezko about matters subsumed within this case. If he did, they are obviously relevant. But there is no basis on the present record for concluding he did or even that he might have. Speculation is not evidence, *In re Cohen*, 507 F.3d 610, 614 (7th Cir.2007), and hypothesis is not proof. *Louth v. McCollum*, 424 F.3d 631, 634 (7th Cir.2005)(Posner, J.). *Cf. United States v. Holland*, 445 F.2d 701, 793 (D.C.Cir. 1971)("The trouble with absence of evidence is that it is consistent with *any* hypothesis.")(Emphasis in original). This is not to say that a request for information that seeks to probe the facts underlying an opponent's case is impermissible because it constitutes, to use the time-worn phrase, a "fishing expedition." But, without some reason to conclude that the pond might be stocked, one cannot demand to "fish." Here is how Judge Posner put it in *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004): "And of course, pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But Fed.R.Civ.P. 45(c) allows the fish to object, and when they do so *the fisherman has to come up with more than the government has been able to do in this case despite the excellence of its lawyers.*" 362 F.3d at 931 (Emphasis supplied).

In the instant case, there is no basis upon which to conclude that statements made by the plaintiff to assist his lawyers in their representation of him in the three matters involving Rezko – even if they were not privileged – have anything to do with this case. Indeed, as defendant's counsel conceded with commendable candor at the hearing on the motion, there is no basis upon which it might even be conjectured that he made statements to his lawyers involving the matters in this case. In varying contexts, the absence of any basis to conclude that the information sought might exist has led courts to condemn as "fishing expeditions" the demand for information and to prohibit the

endeavor.

Indeed, the Seventh Circuit has often said that "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971-972 (7th Cir. 1996). *Accord Brenneman v. Knight*, 297 Fed.Appx. 534, 538, 2008 WL 4748516, 2 (7th Cir. 2008)("But requiring the staff to conduct a fishing expedition, particularly of the magnitude Brenneman requested, would have imposed too great a burden."); *Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991)("Todd's speculation that Merrell Dow must possess unspecified additional information is not sufficient grounds to embark upon a virtually boundless fishing expedition."); *United States v. Bob Stofer Oldsmobile-Cadillac, Inc.*, 766 F.2d 1147, 1153 (7th Cir.1985) (refusing to grant Rule 56(f) continuance for additional discovery properly denied where party has made only "vague assertions" that further discovery would develop genuine issues of material fact); *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002)("Without any evidentiary support, his request amounts to nothing more than a fishing expedition and we decline to rule that the trial judge abused her discretion in denying Grayson the opportunity to extend discovery a fifth time."); *United States v. Westmoreland*, 122 F.3d 431, 434 (7th Cir. 1997)("In the absence of any evidence that would be probative of selective prosecution, the district court did not err in refusing to grant discovery. Westmoreland is not entitled to go on a fishing expedition."). *See also American Airlines, Inc. v. United States*, 551 F.3d 1294, 1307 (Fed.Cir.2008)("the government has made no reasonable showing that it possesses 'concrete and positive evidence, as opposed to a mere theoretical argument'...to justify wide-ranging discovery on a quest for setoffs."); *FC Inv. Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1094 (D.C.Cir. 2008) ("The district court does not abuse its discretion when it denies a discovery request that would amount to nothing more than a

fishing expedition."). *Compare United States v. Zolin,* 491 U.S. 554, 572 (1989)("Before engaging in *in camera* review to determine the applicability of the crime-fraud exception, 'the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person,' ... that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies.").

The Supreme Court has stressed that like all of the Federal Rules of Civil Procedure, the discovery rules are subject to the mandate of Rule 1 that they "be construed to secure the just, speedy, and inexpensive determination of every action." "To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied...." *Herbert v. Lando,* 441 U.S. 153, 177 (1979). *Accord Regan-Touhy v. Walgreen Co.,* 526 F.3d 641, 648 (10th Cir.2008). Failure to do so here would result in needless costs to the litigants and to the due administration of justice, *cf. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 559 (2007); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635, 638 (1989), to say nothing of the burdens, not insubstantial, that would be imposed on two law firms with no connection to this case. Those firms would be required to scour their records to see if there were any communications with Rezko that related to the instant case, which would require that they study the complaint. And all this only on the chance that there would some communications and that they would not be privileged. Thus, even ignoring questions of relevancy, this is one of those cases where the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2)(C)(ii). The Motion to Compel [69] is denied.

DATE: 11/24/09     ENTERED: _____
                              UNITED STATES MAGISTRATE JUDGE

8