**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SEMIR D. SIRAZI, an Illinois resident,**<br><br>**Plaintiff,**<br><br>**PE CHICAGO, LLC, a Delaware limited liability company,**<br><br>**Plaintiff/Counterdefendant**<br><br>**vs.**<br><br>**PANDA EXPRESS, INC,. a California corporation, PANDA RESTAURANT GROUP, INC., f/k/a PANDA MANAGEMENT COMPANY, INC. a California corporation,**<br><br>**Defendants/Counterplaintiffs**<br><br>**CITADEL PANDA EXPRESS, INC., a California corporation, R. MICHAEL WILKINSON, a California resident and citizen, ANDREW CHERNG, a California resident and citizen, and PEGGY CHERNG, a California resident and citizen,**<br><br>**Defendants.** | **No. 08 CV 2345 EDA**<br><br>**Hon. Matthew F. Kennelly**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**PLAINTIFF/COUNTERDEFENDANT PE CHICAGO, LLC'S**
**<u>ANSWER TO COUNTERCLAIM</u>**

Plaintiff/Counterdefendant, PE CHICAGO, LLC ("PE Chicago"), by its undersigned attorneys, for its Answer to Panda Restaurant Group, Inc., f/k/a Panda Management Company, Inc.'s ("Panda Restaurant Group") Counterclaim, states as follows:

1. On or about September 26, 2000, PE Chicago, as promissor, executed a note in favor of Manufacturers Bank, now known as MB Financial Bank, N.A. ("MB Financial").

**<u>ANSWER</u>:** Admitted.

2. The note accompanied a security agreement which granted a security interest in Rezko-Citadel L.P. ("Rezko-Citadel") to MB Financial.

**ANSWER:** Admitted.

3. The note was subsequently modified and extended by agreement of the parties thereto.

**ANSWER:** Admitted.

4. Pursuant to the purchase and sale agreement, as amended, between Panda Restaurant Group and PE Chicago for PE Chicago's share of Rezko-Citadel, the purchase price paid by Panda Restaurant Group to PE Chicago included a payment by Panda Restaurant Group to MB Financial in partial satisfaction of the note.

**ANSWER:** PE Chicago admits that, as part of the transaction whereby Panda Restaurant Group purportedly obtained PE Chicago's interest in Rezko-Citadel, Panda Restaurant Group made a payment to MB Financial which did not fully retire the MB Financial note. PE Chicago denies the remaining allegations contained in paragraph 4.

5. In order to eliminate MB Financial's continued security interest in Rezko-Citadel, Panda Restaurant Group paid off the remaining note balance to MB Financial in exchange for an assignment of the note.

**ANSWER:** PE Chicago admits that Panda Restaurant Group made a payment to MB Financial which fully paid off the remaining note balance, and that in exchange, Panda Restaurant Group received an assignment of the note. PE Chicago denies the remaining allegations contained in paragraph 5.

6. Accordingly, on or about December 21, 2006, MB Financial assigned all of its right, title and interest in the note, as subsequently modified and extended, to Panda Restaurant Group. A copy of the assignment and related note documentation is attached hereto as Exhibit A.

**ANSWER:** PE Chicago admits that on or about December 21, 2006 MB Financial assigned all of its right, title and interest in the note to Panda Restaurant Group, and that a

copy of the assignment is attached as Exhibit A to Panda Restaurant Group's counterclaim. PE Chicago denies the remaining allegations contained in paragraph 6.

7. PE Chicago, as maker of and/or promissor under the note, has failed and refused to pay the balance due thereunder to Panda Restaurant Group, which to date stands in excess of $900,000.00, plus attorney fees.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

Plaintiff/Counterdefendant PE Chicago LLC, for its affirmative defenses to Defendant/Counterplaintiff Panda Restaurant's Counterclaim, assets as follows:

## FIRST AFFIRMATIVE DEFENSE

Panda Restaurant Group's counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Panda Restaurant Group's damages, if any, were proximately caused by intervening and/or superseding actions of Panda Restaurant Group and others over whom PE Chicago had no control and were not the result of any act or omission on the part of PE Chicago.

## THIRD AFFIRMATIVE DEFENSE

Panda Restaurant Group's claims are barred by the doctrines of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Panda Restaurant Group's claims are barred by its voluntary assumption of the debt.

## FIFTH AFFIRMATIVE DEFENSE

Panda Restaurant Group's claims are barred by its failure to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

Panda Restaurant Group's claims are barred by reason of lack of consideration.

Respectfully submitted,

PE CHICAGO, LLC

By: /s/ Robert S. Grabemann
One of Its Attorneys

Robert S. Grabemann
Timothy M. Schaum
DASPIN & AUMENT, LLP
227 West Monroe Street, Suite 3500
Chicago, Illinois 60606
(312) 258-1600

Gregory J. Scandaglia
Seth R. Yohalem
SCANDAGLIA & RYAN
55 E. Monroe Street, Suite 3440
Chicago, Illinois 60603

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing PLAINTIFF/COUNTERDEFENDANT PE CHICAGO, LLC'S ANSWER TO COUNTERCLAIM via electronic filing on or about the 7th day of February, 2011 on:

Joseph R. Marconi
Michael P. Siavelis
Justin Volmert
Katherine J. Pronk
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603

/s/ Robert S. Grabemann