# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SEMIR D. SIRAZI and PE CHICAGO, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 2345 |
| | ) | |
| PANDA EXPRESS, INC., PANDA RESTAURANT GROUP, INC., CITADEL PANDA EXPRESS, INC., ANDREW CHERNG, and PEGGY CHERNG, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Semir Sirazi and PE Chicago, LLC have moved the Court to reconsider its December 13, 2011 decision denying their motion for summary judgment and granting in part defendants' motion for summary judgment [docket no. 228]. *Sirazi v. Panda Express, Inc.*, No. 08 C 2345, 2011 WL 6182424 (N.D. Ill. Dec. 13, 2011). The present decision assumes familiarity with the December 13 decision. For the reasons stated below, the Court denies plaintiffs' motion.

## Discussion

Plaintiffs argue that the Court's previous decision makes both a manifest error of fact and manifest errors of law.

### A.    Claimed factual error

One of Sirazi's claims against Panda Express is that Panda Express fraudulently concealed from him the fact that it was buying PE Chicago's stake in the Rezko-Citadel

partnership. Panda Express moved for summary judgment, arguing that Sirazi could not show that Panda Express had a duty to disclose the sale of PE Chicago's interest to him as the claim requires. *See Neptuno Treuhand-Und Verwaltungsgesellschaft MBH v. Arbor*, 295 Ill. App. 3d 567, 573, 692 N.E.2d 812, 817 (1998). One of Sirazi's arguments in response was that Panda Express had a duty to disclose the sale to him because he was an owner of PE Chicago.

The Court declined to enter summary judgment for Panda Express on this claim because Sirazi provided enough evidence for a reasonable jury to find that he was an owner of Rezko Concessions, Inc. (Concessions) and Rezko Enterprises, LLC (Enterprises) and that PE Chicago was an alter ego of both companies, such that Sirazi was effectively an owner of PE Chicago. From this conclusion, a reasonable jury could find that Panda Express had a duty to tell him that it was buying PE Chicago's interest in Rezko-Citadel. Sirazi provided evidence that he was an owner of Concessions and Enterprises because he had received ownership interests in the companies through the terms of a guarantee that he provided to Antoin Rezko and a stock pledge made to him by a business association of Rezko.

Although the Court's previous decision denied summary judgment on Sirazi's fraudulent concealment claim as a whole, the Court stated that a reasonable jury could not use other evidence that Sirazi had provided to conclude that he was an owner of Concessions and Enterprises. *Sirazi*, 2011 WL 6182424, at *9. Sirazi's other evidence consisted of warrants that he could exercise to obtain an ownership interest in the companies. The warrant agreements specifically provided, however, that until Sirazi exercised the warrants, he did not have the rights of an owner of either company. Mot.

to Reconsider, Ex. 1 ¶ 6; Compl., Ex. 3 ¶ 5. Sirazi provided no evidence that he had exercised the warrants at the time that PE Chicago sold its interest to Panda Express.

Sirazi also seemed to argue that he would have exercised the warrants before the sale if he had been given notice of the sale, which was defined as a liquidity event under the warrant agreements. In its previous decision, the Court stated that the warrant agreements did not require the companies to give notice to Sirazi if a liquidity event occurred. *Sirazi*, 2011 WL 6182424, at *8. Plaintiffs claim that this statement was a manifest error of fact by the Court.

The warrant agreements did not expressly require that Enterprises and Concessions give notice of a liquidity event to Sirazi. Each agreement contained a provision requiring that the companies redeem Sirazi's warrants for a large amount of cash if a liquidity event, as defined in the agreements, occurred. Mot. to Reconsider, Ex. 1 ¶ 5; Compl., Ex. 3 ¶ 4. Neither of these clauses provided that the companies were to give notice to Sirazi of a liquidity event. Plaintiffs make two arguments that notice was nonetheless required.

First, plaintiffs note that the redemption provision of the warrants required the companies to give Sirazi notice when the warrants were redeemed. Mot. to Reconsider, Ex. 1 ¶ 2; Compl., Ex. 3 ¶ 2. Nothing in these provisions, however, required the companies to give Sirazi notice of a liquidity event. Concessions and Enterprises never redeemed the warrants and thus never gave notice to Sirazi. As set out in the warrant agreement, his remedy for the companies' failure to redeem the warrants was to "pursue all remedies available to him at law or in equity or exercise the Warrants." Mot. to Reconsider, Ex. 1 ¶ 5.

3

Second, plaintiffs state that Sirazi was entitled to exercise the warrants in return for ownership stakes in the companies forty-five days after the occurrence of a liquidity event. Mot. to Reconsider, Ex. 1 ¶ 4; Compl., Ex. 3 ¶ 3. They argue that Sirazi could know when the forty-fifth day after a liquidity event only if Concessions and Enterprises provided him with notice of the event. The warrant agreements also provide, however, that Sirazi could exercise the warrants at any time between August 30, 2003, and August 31, 2006. *Id.* The liquidity event in question, the sale of PE Chicago's interest in the Rezko-Citadel partnership to Panda Express, occurred on June 1, 2006. At the time, Sirazi could exercise his warrants without restriction. There was thus no need for him to be told of a trigger enabling him to exercise his warrants.

In sum, the Court's decision did not make a manifest error of fact when it stated that the warrant agreements did not require Enterprises and Concessions to give Sirazi notice of a liquidity event.

**B.    Claimed Legal Error**

Plaintiffs argue that the Court made a manifest error of law in its application of *Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995). In *Scholes*, the Seventh Circuit held that a receiver appointed for three corporations, which had been involved in a Ponzi scheme, had standing to attempt to recover fraudulent conveyances that the corporations had made. *Id.* at 753–55. The court acknowledged that the makers of fraudulent conveyances generally cannot seek to undo the transactions. It concluded, however, that this rule did not apply in that case because the former owner of the corporations who caused them to make the transactions had been ousted and could no longer benefit from recovering the fraudulently transferred property. *Id.* at 754. Any

4

money that the receiver recovered would go to the investors in the corporations who had been defrauded. *Id.* at 753–55.

In its decision in the present case, this Court acknowledged that *Scholes* might allow PE Chicago to bring a fraudulent transfer claim based on its sale of its partnership interest. *Sirazi*, 2011 WL 6182424, at *15. PE Chicago had formerly been controlled by Rezko, who allegedly transferred PE Chicago's property for less than it was worth, and now that Sirazi controlled PE Chicago, it might be able to recover that property and use it to pay its investors and creditors. *Id.*

Plaintiffs argue, however, that *Scholes* applies far more broadly. They argue that the logic of *Scholes* also requires that the Court deny summary judgment on PE Chicago's fraudulent concealment claim, its fraudulent transfer claims, its breach of contract claim relating to the price Panda Express paid for PE Chicago's interest in Rezko-Citadel, its breach of fiduciary duty claim related to the sale of its partnership interest, and defendant PRG's counterclaim for payment of a promissory note.

Plaintiffs' argument on the fraud claim is the same argument they made in their earlier briefs. It argues that the logic of *Scholes* suggests that PE Chicago did not really know what it was doing when Rezko controlled it, and thus the sale of PE Chicago's interest in Rezko-Citadel was, legally speaking, concealed from PE Chicago until Sirazi obtained control of PE Chicago. *Scholes*, however, does not stretch that far, and plaintiffs cite no Illinois or Seventh Circuit case reading it that way. The case does not support the contention that an LLC is deemed to have no knowledge of transactions it agreed to under former (conflicted) management until after new management takes over. PE Chicago notes that Rezko's alleged bad acts were particularly bad, causing

5

PE Chicago to sell its property and keeping the money for himself. But this does not change the fact that the sale was not concealed from PE Chicago. Rather, it was concealed only from Sirazi, who later became PE Chicago's manager.

PE Chicago also argues based on *Scholes* that the Court erred in finding that the statute of limitations barred its fraudulent transfer claim. The previous decision, however, noted that even if, under *Scholes*, PE Chicago's limitations period had not begun to run until Sirazi obtained control of the company, the claim was still time-barred. *Id.* at *16.

PE Chicago also argues that the Court should have declined to enter summary judgment in favor of defendants on portions of PE Chicago's breach of contract claim, portions of its breach of fiduciary duty claim, and PRG's claim for payment of a promissory note. In each case, PE Chicago argues, it was controlled by Rezko at the relevant time, and thus under the logic of *Scholes* it could not have been acting in its own interest. The Court declines to address these arguments, because in their summary judgment briefs plaintiffs never argued that *Scholes* affected the resolution of those claims. *See Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009) (a party forfeits arguments if they are not raised until a motion to reconsider after summary judgment).

Finally, PE Chicago also argues that the Court should have denied summary judgment on PRG's promissory note claim because four of the arguments that PE Chicago made in opposition to summary judgment create a defense of either unclean hands or the availability of a set-off. PE Chicago has forfeited this argument because it did not develop it until its motion to reconsider. But to the extent that PE Chicago

6

prevails on its remaining claim, it may be entitled to a set-off of the amount it recovers on that claim against the amount that it owes PRG on the promissory note. PE Chicago also asserts that its argument that Panda Express assumed the debt the promissory note represented, and its defense of laches, require that the Court deny summary judgment on PRG's claim. The Court's previous decision rejected these two arguments. PE Chicago does not present any reason that the decision was incorrect.

## Conclusion

For the reasons stated above, the Court denies plaintiffs' motion to reconsider [docket no. 231]. The motion hearing date of January 17, 2012 is vacated.

```
                                          _____
                                              MATTHEW F. KENNELLY
                                              United States District Judge
```

Date: January 13, 2011