IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEMIR D. SIRAZI, an Illinois resident, PE CHICAGO, LLC, a Delaware limited liability company,<br><br>    Plaintiffs & Counter-Defendant,<br><br>vs.<br><br>PANDA EXPRESS, INC., a California corporation, PANDA RESTAURANT GROUP, INC., f/k/a PANDA MANAGEMENT COMPANY, INC., a California corporation, CITADEL PANDA EXPRESS, INC., a California corporation, ANDREW CHERNG, a California resident and citizen, and PEGGY CHERNG, a California resident and citizen,<br><br>    Defendants & Counter-Plaintiff. | No. 08 C 2345<br><br>Judge Matthew F. Kennelly |

**PANDA RESTAURANT GROUP'S MOTION FOR ENTRY OF FINAL JUDGMENT ON ITS COUNTERCLAIM & FOR CLARIFICATION OF ITS RULING REGARDING ATTORNEY'S FEES**

    Counter-Plaintiff, PANDA RESTAURANT GROUP, INC. ("PRG"), hereby moves this Court for entry of final judgment in its favor and against PE Chicago, LLC ("PE Chicago"), and for clarification of its ruling regarding attorney's fees, pursuant to Fed. R. Civ. P. 54(b). In support of this motion, PRG states as follows:

### INTRODUCTION

    1.    By its orders dated December 13, 2011, this Court granted summary judgment in PRG's favor and against PE Chicago on its counterclaim seeking payment on a September 26, 2000 Note. (Docs. 227, 228).

1

2. Pursuant to Fed. R. Civ. P. 54, PRG now seeks entry of final judgment on this claim, including the outstanding principal, interest, and late charge, all of which are recoverable pursuant to the Note's terms.[1]

3. Pursuant to Rule 54(b), there is no just reason for delay of entry of final judgment on this claim, as the amount of damages is easily calculated, and the issues are largely unrelated to Plaintiffs' remaining claims.

## PRINCIPAL, INTEREST, AND LATE CHARGE

4. As of December 19, 2006, the outstanding principal balance on the Note was $825,000.00. (Doc. 204-26). With the addition of interest and fees, the total outstanding balance as of as of December 19, 2006 stood at $858,327.08. (*Id.*)

5. Pursuant to the June 20, 2006 Note Extension Agreement, interest on the principal accrued at the lender's variable Reference Rate plus 1% until the Note matured on June 20, 2007. (Doc. 164-1 at 9-10). After maturity, interest on the principal has accrued at the Reference Rate plus 5%. (*Id.* at 10). PRG is also entitled to assess a late charge of 5% on the entire overdue payment. (*Id.*)

6. Pursuant to the foregoing, and using the Federal Reserve's Prime Rate as PRG's Reference Rate, Daniel Sheehy has calculated the applicable daily interest rates and resulting balances from December 19, 2006 to January 7, 2012. His affidavit and accompanying spreadsheet of calculations are attached hereto as **Exhibits A & B**. As of

---

[1] As discussed below, the original September 26, 2000 Loan and Security Agreement, which was incorporated by reference into the Note, also permits PRG to recover its attorney's fees. Because the time generating those fees has been substantially comingled at this stage, PRG is not seeking a fee award herein. Nevertheless, in light of this Court's ruling that PRG is not entitled to attorney's fees based on the language in the June 20, 2006 Note Extension Agreement, PRG respectfully requests that it revise the ruling so as not to bar the recovery of such fees to the extent they are incurred in PRG's ongoing collection efforts.

January 7, 2012, the total outstanding principal and interest stood at $1,241,963.38. Adding the 5% late charge to that balance gives a total of **$1,304,061.55**.

## COSTS AND ATTORNEY'S FEES

7. As noted above, PRG does not seek to recover its attorney's fees with this motion. However, to avoid any possible preclusive effect from the Court's summary judgment order, PRG respectfully requests that the Court revise its ruling to the extent it stated that PRG is not entitled to recover fees. (Doc. 228 at 36).

8. The applicable attorney's fee provision is set forth in § 10.6 of the September 26, 2000 Loan and Security Agreement, attached hereto in relevant part as **Exhibit C**. It was not attached to PRG's summary judgment filings because the issue there was simply the validity of the Note and the effect of its assignment to PRG.

9. The provision provides for the recovery of all reasonable out-of pocket costs and expenses, including Attorney Costs, in connection with the post-default enforcement of the Loan and Security Agreement and related Loan Documents.

10. Section 1.1 of the Loan and Security Agreement includes pertinent definitions. "Attorney Costs" include "all reasonable fees and charges of any counsel" as well as "all court costs and similar legal expenses." "Loan Documents" include the Note at issue here.

11. Likewise, the Note expressly "evidences the indebtedness incurred under, and is subject to the terms and provisions of, the Loan and Security Agreement, dated as of September 26, 2000." (Doc. 164-1 at 3). As such, the attorney fee provisions in the Loan and Security Agreement are applicable here, and permits PRG to recover its fees as part of its ongoing collection efforts against PE Chicago.

WHEREFORE Counter-Plaintiff, PANDA RESTAURANT GROUP, INC. ("PRG"), respectfully requests that this Court enter final judgment in its favor and against PE Chicago on PRG's counterclaim in the amount of $1,304,061.55; clarify that PRG is not barred from the recovery of attorney's fees; and for such further or other relief this Court deems fit under the circumstances.

    Respectfully submitted,

    RESTAURANT GROUP, INC.,

    /s/ Joseph R. Marconi
    One of Their Attorneys

    Joseph R. Marconi
    Justin H. Volmert
    33 W. Monroe St., Suite 2700
    Chicago, Illinois 60603
    312-372-0770

DOCS-#2915934

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused to be served the foregoing Motion on January 18, 2012 with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

>	Robert S. Grabemann
>	Timothy M. Schaum
>	227 West Monroe
>	Suite 3500
>	Chicago, Illinois 60606

>						/s/ Joseph R. Marconi

Joseph R. Marconi
Justin H. Volmert
Attorneys for Defendants
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, IL 60603