IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEMIR SIRAZI and PE CHICAGO, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 2345 |
| | ) | |
| PANDA EXPRESS, INC.; PANDA RESTAURANT GROUP, INC.; CITADEL PANDA EXPRESS, INC.; ANDREW CHERNG; and PEGGY CHERNG, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In this decision, the Court rules on the parties' motions for judgment as a matter of law made at the conclusion of the plaintiffs' case. One witness for the plaintiff will be testifying out of sequence on Monday, April 16, 2012, but there is no contention that he will be giving testimony pertinent to the issues the Court addresses in this decision. In terms of Rule 50(a)(1), plaintiffs have been fully heard on the matters the Court is addressing.

1.  **Fraudulent transfer claims**

The Court grants defendants' motion for judgment as a matter of law with regard to plaintiff Sirazi's claims under Illinois' version of the Uniform Fraudulent Transfer Act (Counts 5 and 6). To maintain a claim under the UFTA, the creditor must prove that the debtor owes or potentially owes a payment to the creditor. *See A.P. Properties, Inc. v.*

*Goshinsky*, 186 Ill. 2d 524, 529, 714 N.E.2d 519, 529 (1999).

Sirazi relies on two debts: the monies he loaned to Rezko Enterprises in 2000, evidenced by a promissory note, and a judgment that was entered in his favor against Rezko Enterprises on an arbitration award in 2007. Neither permits Sirazi to maintain his fraudulent transfer claims. The first debt no longer existed at the time Sirazi filed suit, because when he exercised certain warrants in Enterprises in August 2006, under the relevant contract his loan to Enterprises became a contribution to the entity's capital, thereby extinguishing that particular debt. Sirazi says that because of the challenged transfer, the equity interest that he obtained in Enterprises upon exercising the warrants was worth less than it would had been worth absent the transfer at issue, but an impairment in the value of an investor's equity interest in an entity is not the sort of injury the UFTA is intended to remedy. The second debt Sirazi cites – the judgment on the arbitration award – was not one that was owed or potentially owed at the time of the transfer and thus cannot support a fraudulent transfer claim. *See Mandolini Co. v. Chicago Produce Suppliers, Inc.*, 184 Ill. App. 3d 578, 581, 540 N.E.2d 505, 507-08 (1989) (common law fraudulent conveyance claim).

Because the Court grants defendants' motion for judgment on the fraudulent transfer claims, it denies Sirazi's motion for judgment on those same claims.

**2.   Fraudulent misrepresentation / concealment claim**

The Court also grants defendants' motion for judgment as a matter of law with regard to plaintiff Sirazi's fraud claim (Count 2). The Court previously granted summary judgment against plaintiff PE Chicago, Inc. on this claim. Sirazi's claim, as set forth in

the amended complaint, is that the defendants falsely represented the purchase price for PE Chicago, LLC's interest in the Rezko-Citadel Limited Partnership was fair; they failed to inform Sirazi, who had (via Rezko Enterprises) an interest in PE Chicago, regarding the transaction, and they colluded with Antoin Rezko to purchase PE Chicago's interest at less than fair value.

Under Illinois law, the elements of a claim of fraudulent misrepresentation are a false statement of material fact, made knowingly, with the intent to induce the plaintiff to act, reliance by the plaintiff on the statement's truth, and damages resulting from that reliance. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584, 591 (1996). If the claim is based on concealment or nondisclosure, the plaintiff must prove that the defendant concealed a material fact from the plaintiff while under a duty to disclose the fact to the plaintiff. *See id.* at 500, 675 N.E.2d at 593.

Sirazi has offered no evidence that defendants made any misrepresentation to him regarding the sale, so he cannot maintain a claim of fraudulent misrepresentation. Rather, his claim is one of fraudulent concealment of the sale and its terms. But despite being given numerous opportunities to do so, Sirazi has offered no authority that a party that conducts a transaction with an entity such as an LLC or a corporation has an obligation to inform the entity's minority owners of the transaction's existence or its terms. And even if such an obligation existed, Sirazi had no ownership interest in PE Chicago, LLC itself; rather, his interest was in Rezko Enterprises, PE Chicago, LLC's owner. Because there is no authority supporting the existence of a duty to disclose in this context, Sirazi cannot maintain a claim of fraudulent concealment.

Sirazi also contends that defendants are liable because they knowingly accepted

3

the benefits of a fraud against Sirazi committed by Rezko. The Court notes that Sirazi's fraud claim contained in his amended complaint does not set forth a claim along these lines. In any event, if understood that way, the fraud claim (Count 2) effectively would be indistinguishable from Sirazi's conspiracy to defraud claim (Count 3). There is no basis to have the jury decide the claim twice, under two different headings.

s/ Matthew F. Kennelly<br>
MATTHEW F. KENNELLY<br>
United States District Judge

Date: April 14, 2012